# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

RUBY KATHLEEN LANGDON,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    No. 2:12CV62 NAB
                                 )
STATE OF MISSOURI, et al.,       )
                                 )
    Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss this action for lack of jurisdiction. See Fed.R.Civ.P. 12(h)(3).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this civil action seeking to appeal an Order of Protection granted by the Circuit Court of Randolph County, Missouri. Plaintiff also seeks modification of a child custody and visitation schedule entered by the State of Missouri. Named as defendants are the State of Missouri, the Circuit Court of Randolph County and Tara Becker Ashburn, the daughter-in-law of plaintiff and mother to plaintiff's grandchildren.

Plaintiff complains that defendant Ashburn was granted an Order of Protection against her in the Circuit Court of Randolph County and that she has been unable to successfully appeal this decision. Plaintiff asserts that as part of the Order of Protection she has been limited in her visitation rights to her grandchildren. Accordingly, plaintiff seeks an "investigation" by this Court into the decision by the Circuit Court of Randolph County granting defendant Ashburn the Order of Protection against plaintiff, an appeal of the Order of Protection, a finding that defendant Ashburn abused the judicial process and filed false documents and reports, a modification of child custody and visitation orders entered in Randolph County, in addition to damages, fees and costs. Thus, plaintiff seeks both monetary damages and injunctive relief.

## Discussion

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir.1996). "Review of state court decisions may be had only in the Supreme Court." Id. Thus, to the extent that plaintiff is challenging a Missouri state-court judgment, her remedies, if any, lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court. For these reasons, the instant action must be dismissed for lack of subject matter jurisdiction.

Moreover, this Court lacks jurisdiction over the subject matter of this case, i.e., issues relating to orders of protection and child custody and visitation issues. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.").

Generally, federal courts have no jurisdiction over domestic relations matter. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); In re Burrus, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States."). Rather, state courts have exclusive jurisdiction over these matters. Ankenbrandt, 504 U.S. at 703-04; Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action,

a suit whose subject is domestic relations generally will not be entertained in federal court."); see also, Overman v. U.S., 563 F.2d 1287, 1292 (8th Cir.1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations exceptions cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as the Court lacks subject matter jurisdiction over this case and it is subject to dismissal under Fed.R.Civ.P. 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for joinder of parties and to amend her complaint [Doc. #4] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of September, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE